IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LYNDSI K. RUTHERFORD,                    )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        Case No. 10-2456-JWL
                                         )
RELIANCE STANDARD LIFE                   )
INSURANCE COMPANY and                    )
THOMAS RUTHERFORD, SR.,                  )
                                         )
                Defendants.              )
                                         )
_____ )

## MEMORANDUM AND ORDER

        Defendant Reliance Standard Life Insurance Company ("Reliance Standard")

moves to dismiss this action, on the basis that plaintiff's claims are preempted by the

Employee Retirement Income Security Act (ERISA) (Doc. # 8).  For the reasons set

forth below, the motion to dismiss is **granted in part and denied in part**.  The Court

agrees that plaintiff's claims are preempted, and plaintiff's contract and declaratory

judgment claims (Counts I and III of the petition) are converted to claims for benefits

and for declaratory relief under ERISA.  The Court dismisses plaintiff's fraud claim

(Count II), and plaintiff is granted leave to amend that count of her petition, on or before

**December 10, 2010**, to state a proper claim for relief under ERISA.

        By her petition, which was originally filed in state court, plaintiff Lyndsi

Rutherford alleges that Reliance Standard failed to pay $150,000 in benefits on a life

insurance policy covering her husband, Thomas Rutherford, Jr., after his death in December 2008. Plaintiff had her own life insurance coverage with Reliance Standard as part of a benefit plan provided by her employer, and she elected optional dependent life insurance coverage for her husband. Both plaintiff and the decedent's father, defendant Thomas Rutherford, Sr., were listed as beneficiaries on the decedent's application, although the father was intended only as a contingent beneficiary. In Count I of the petition, plaintiff asserts a claim for breach of contract and seeks the amount of the unpaid benefits. In Count II, plaintiff asserts a claim for fraud, based on Reliance Standard's purposeful creation of a short application designed to prevent applicants from fully disclosing prior medical issues, and on its falsely claiming that it intended to distribute benefits in accordance with the policy. In Count III, plaintiff seeks a declaratory judgment to the effect that she is the sole beneficiary of her husband's policy, and that decedent's father is only a contingent beneficiary. Reliance Standard removed the case to this Court because of both the diversity of the parties and the existence of a federal question (based on preemption by ERISA).[1]

By its terms, ERISA preempts state laws to the extent that they "relate to any employee benefit plan" subject to the statute. *See* 29 U.S.C. § 1144(a). In this case, all three of plaintiff's state-law causes of action relate to life insurance coverage provided under an employee benefit plan offered by plaintiff's employer; thus, the claims fall

---

[1]Although Reliance Standard did not obtain the other defendant's consent to the removal, plaintiff did not file a timely motion for remand on that basis.

within the scope of ERISA's preemption provision. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (under ERISA preemption clause, which has an "expansive sweep," a state law "relates to" a benefit plan, under its "broad common-sense meaning," if it "has a connection with or reference to such a plan;" state-law causes of action fall within the preemption provision); *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991) ("[C]ommon law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan."); *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1121 n.3 (10th Cir. 1995) (state-law fraud claims were preempted by ERISA) (citing *Settles*, 927 F.2d at 509).

In opposition to the motion to dismiss, plaintiff argues that K.S.A. § 40-418 falls within the savings clause of ERISA's preemption provision, which exempts from preemption any state law that "regulates insurance." *See* 29 U.S.C. § 1144(b)(2)(A). K.S.A. § 40-418 provides that a misrepresentation made in obtaining life insurance "shall not be deemed material or render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable." *See id.* Plaintiff contends that this statute is "integral" to her claims because, as she has alleged in her petition, Reliance Standard based the denial of her claim for benefits on the decedent's failure to disclose prior medical treatments, including treatment for narcotics abuse, on his application. Plaintiff has not provided any reason, however, why her state-law causes of action do not fall within the scope of ERISA's preemption provision. Under the applicable precedent noted above, those

3

claims are clearly preempted. The Court need not resolve at this time whether or not K.S.A. § 40-418, to the extent that it applies in this case, is also preempted by ERISA.

Plaintiff also argues that although her entire employee benefit plan may fall within the scope of ERISA, the particular portion of that plan under which she elected to obtain defendant coverage for her spouse falls within the "safe harbor" recognized in 29 C.F.R. § 2510.3-1(j). The Court rejects this argument. First, plaintiff has not alleged any facts or provided any evidence that this portion of the plan satisfies the regulation's requirements. *See id.* Second, and more significantly, as plaintiff concedes, the Tenth Circuit has already concluded that one part of an employee benefit plan cannot be severed in this way to take advantage of the "safe harbor" provision. *See Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir. 1997) (citing *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567 (11th Cir.), *cert. denied*, 513 U.S. 808 (1994), and *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1345 (11th Cir. 1994)).

Plaintiff argues the Court should refuse to follow this holding in *Gaylor* because it was based on faulty reasoning. The Court cannot say that the Tenth Circuit's reasoning is clearly wrong, however. The *Gaylor* court followed the lead of the Eleventh Circuit in refusing to allow severance of a portion of a plan in this context, *see Smith*, 14 F.3d at 567, and subsequently, the Seventh Circuit also rejected this same severance argument, *see Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000). Plaintiff takes issue with the following reasoning from a footnote in *Smith*:

> In another context, the Supreme Court refused to exempt a portion of a plan from ERISA that was designed to comply with New York disability laws, even though § 1003(b)(3) exempts plans from ERISA when the plan is solely designed to comply with state disability laws. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 107 (1983). Thus, we may infer that, generally, ERISA plans may not be severed so that portions of them may be excluded from regulation under ERISA.

*Smith*, 14 F.3d at 567 n.3. Plaintiff argues that the Eleventh Circuit should not have made the inference that it did in this footnote and given effect to *Shaw* beyond its particular facts because those facts are so distinguishable from those present in *Smith* (or in *Gaylor* or here). The *Smith* court did not basis its holding solely on *Shaw*, however, but instead considered the language of the statute and common sense. Plaintiff has not cited any authority undermining the reasoning or holdings by the Eleventh, Tenth, and Seventh Circuits. Accordingly, there is no basis for this Court to conclude that the Tenth Circuit, if confronted with this case, would not follow its own precedent from *Gaylor* and refuse to allow plaintiff to sever one portion of her employee benefit plan to take advantage of the safe harbor provision. Accordingly, the Court rejects plaintiff's argument that ERISA does not preempt the claims asserted in this case.

Although Reliance Standard is correct that plaintiff's claims are preempted by ERISA, it does not provide any authority to support its contention that the claims should therefore be dismissed. In fact, to the extent that plaintiff has asserted claims that fall within ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a), those claims may be recharacterized as claims arising under ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987); *Carling v. Metropolitan Life Ins. Co.*, 935 F.2d 1114, 1119

(10th Cir. 1991).  Plaintiff's Count I seeks insurance benefits, as authorized by 29 U.S.C. § 1132(a)(1)(B), and thus it may be converted in this manner to a claim under ERISA. Similarly, 29 U.S.C. § 1132(a)(3) permits a claim for equitable relief, such as the declaratory judgment requested in Count III.  Thus, there is no basis for dismissal of those two counts.

In Count II, plaintiff asserts a claim for fraud and seeks damages in an amount in excess of $150,000 (the policy amount).  Such a claim for damages other than insurance benefits is not authorized under ERISA.  As noted above, ERISA permits a claim for benefits, *see id.* § 1132(a)(1)(B), and a claim for equitable relief, *see id.* § 1132(a)(3), as well as a claim for breach of fiduciary duty brought on behalf of a plan, *see id.* §§ 1132(a)(2), 1109.  There is no provision permitting an individual claim for extra-contractual compensatory damages, however.  *See Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1260 n.20 (10th Cir. 2004) (29 U.S.C. § 1132(a)(3) does not provide a basis for liability for extra-contractual compensatory damages).  Accordingly, the claim asserted in Count II does not fall within the scope of ERISA's civil enforcement provisions, and because plaintiff's state-law fraud claim is preempted, Count II must be dismissed.[2]  Nevertheless, the Court will allow plaintiff an opportunity to amend that

---

[2]Moreover, because plaintiff did not plead the circumstances of the alleged fraud with particularity in her petition, Count II would also be subject to dismissal under Fed. R. Civ. P. 9(b).

count, on or before December 10, 2010, to state a proper claim for relief under ERISA.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss by defendant Reliance Standard Life Insurance Company (Doc. # 8) is **granted in part and denied in part**. The motion is granted with respect to Count II of plaintiff's petition, and plaintiff is granted leave to amend that count, on or before **December 10, 2010**, to state a proper claim for relief under ERISA. The motion is denied with respect to plaintiff's other counts.

IT IS SO ORDERED.

Dated this 30th day of November, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[3]The Court agrees with Reliance Standard's statement at the conclusion of its brief that plaintiff is not entitled to a jury trial on her claims under ERISA. *See Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156 (10th Cir. 1998); *In re YRC Worldwide, Inc. ERISA Litig.*, No. 09-2593 (D. Kan. Nov. 29, 2010) (slip. op.) (Lungstrum, J.).