## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LYNDSI K. RUTHERFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 10-2456-JWL** |
| ) | |
| **RELIANCE STANDARD LIFE** ) | |
| **INSURANCE COMPANY** ) | |
| ) | |
| **and** ) | |
| ) | |
| **THOMAS RUTHERFORD, SR.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on plaintiff's motion to compel Reliance Standard Life Insurance (Reliance) to respond to discovery requests.  (Doc. 36).  Reliance opposes the motion, arguing that this is an ERISA case in which the administrative record has been provided; therefore, additional discovery is not necessary.  For the reasons set forth below, the motion shall be **GRANTED IN PART.**

## Background

This is an action against an insurance company to recover life insurance benefits

related to the death of plaintiff's husband, Thomas Rutherford, Jr.[1]  Highly summarized, plaintiff alleges that she applied for and received a life insurance policy with Reliance through a group plan offered by her employer in November 2006.  In 2007 she married Mr. Rutherford and they applied for $150,000 in additional "dependent coverage."  The additional coverage was "subject to medical evidence of insurability" and required the submission of a new application.  The new application form was signed and submitted to Reliance by both Rutherfords on December 21, 2007.

Mr. Rutherford died from a heroin overdose on December 13, 2008.  Because his death occurred within two years of the policy application date, Reliance conducted an investigation and obtained a copy of Mr. Rutherford's complete medical history for five years immediately proceeding the 2007 application.[2]  Reliance discovered that Mr. Rutherford had been treated for narcotics abuse, ulcerative esophagitis, colitis, and anxiety during the relevant time period.  Concluding that coverage would not have been approved had decedent's medical history been accurately disclosed, Reliance denied coverage and refunded the premiums associated with Mr. Rutherford's life insurance.

Plaintiff concedes that the application did not disclose her husband's treatment for narcotics abuse, ulcerative esophagitis, colitis, and anxiety but argues that (1) the claim by

---

[1]     Plaintiff separately seeks a declaratory judgment that Thomas Rutherford, Sr. is only a contingent beneficiary of the policy.  Thomas Rutherford, Sr. is not involved in this discovery dispute.

[2]     The policy provides that representations by insurance applicants cannot be used to contest the validity of insurance after the policy has been in force for two years. ("Incontestability" clause,  Doc. 15-2, p. 3).

Reliance that it would have denied coverage in 2007 if accurate medical information had been provided is false, and (2) Reliance engaged in improper "post-claims underwriting." She contends that the space in the application form for disclosure of their medical histories was extremely limited and no instructions were provided which explained how information could be submitted. Plaintiff's discovery requests seek information to support her assertion that Reliance intentionally drafted the application in this manner in order to avoid paying life insurance benefits.

## Motion to Compel

As noted above, plaintiff moves to compel answers to interrogatories, production requests, and requests for admission. Reliance opposes the motion, arguing that discovery is unnecessary because plaintiff has been provided with the "administrative record" which includes (1) the application, (2) the underwriting file, and (3) claims file materials. The parties' arguments are discussed in greater detail below.

The subject insurance policy invests Reliance (the "claims review fiduciary") with discretionary authority to interpret the policy and to determine eligibility for benefits. (Amended complaint, Doc. 15-2, p.15). Because of this discretionary authority, the court must review the benefit denial under an "arbitrary and capricious" standard. See, e.g., DeGrado v. Jefferson Pilot Fin. Ins. Co., 451 F.3d 1161 (10th Cir. 2006). As a general matter, the court's review is limited to the administrative record in determining whether the denial of benefits was arbitrary and capricious; thus, extra-record discovery is generally considered unnecessary and inappropriate. See, e.g., Weber v. GE Group Life Assurance Co., 541 F.3d

1002, 1011 (10th Cir. 2008).

The Tenth Circuit's "general rule" of no discovery in an ERISA case is subject to exceptions.  See Kohut v. Hartford Life and Accident Ins. Co., 710 F. Supp. 2d 1139, 1152, 2008 WL 5246163, *12 (D. Colo. Dec. 16, 2008)(describing ERISA discovery case law as "judicial schizophrenia").  Conceding the conflicts in case law and the failure to provide clarity regarding the scope of discovery in ERISA cases, the Tenth Circuit recently clarified the standards for resolving discovery disputes.  Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir. 2010).

Murphy reaffirms that extra-record supplementation and discovery continue to be inappropriate in the context of additional substantive evidence of the claimant's eligibility for benefits, such as additional medical evidence of disability.  Id. at 1158 (citing Sandoval v. Aetna Life & Casualty Ins. Co., 967 F.2d at 380-81 (rejecting consideration of new psychological evaluations not previously submitted to the plan administrator)).  However, "the broad language prohibiting extra-record discovery is potentially misleading in cases involving a dual role conflict of interests or procedural irregularities."  Id. at 1161.[3]  "Discovery related to the scope and impact of a dual role conflict may, at times, be appropriate" and lower courts must evaluate the need for such discovery under Fed. R. Civ. P. 26(b).  Id. at 1162-63.  Consistent with Rule 26(b), the requested discovery must be relevant and not overly burdensome, costly or cumulative.  Id. at 1163.  Moreover, although

---

[3]  A "dual role conflict of interest" exists when an entity, such as an insurance company, is financially responsible for paying the claim and is also authorized to determine whether the claim should be denied or paid.

discovery may be necessary, the rules of civil procedure should not be utilized as a "license to engage in an unwieldy, burdensome, and speculative fishing expedition." Id. at 1163. Finally, "the party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety." Id.

Relying on the clarified discovery standards provided by Murphy, plaintiff urges that her discovery requests "are reasonably calculated to lead to admissible evidence concerning the seriousness of [Reliance's] already apparent dual role conflict." (Doc. 37, p. 5). Not surprisingly, Reliance responds that discovery is not warranted even after considering Murphy's clarifications. The court addresses those general arguments before addressing plaintiff's specific discovery requests.

Reliance argues that discovery is not warranted because the substantive evidence demonstrates that the denial of plaintiff's claim was so well-supported and one-sided that it would not change even after giving full weight to its dual role conflict. (Doc. 38, p. 5). Stripped of prolixity, this argument means that (1) the denial of benefits was based on a determination that coverage would never have been extended had the application been accurate, and (2) Reliance has no incentive to extend coverage that it later rescinds. Plaintiff strenuously challenges the latter argument, insisting that Reliance derives a financial benefit by receiving premium payments "up front" if it can later simply refund premiums when a claim is made.[4]

The court agrees that the ability to rescind an insurance policy after a claim is made

---

[4]

In gambling terminology, this might be characterized as "tails-I-win, heads-you-lose."

is economically beneficial to an insurance company.  However, the court is not persuaded that Reliance has an "incentive" to draft an application that somehow causes applicants to provide less than complete or accurate  medical information on the form.  This is so because the policy prohibits Reliance from contesting the validity of the policy after two years. Having an applicant omit medical information that would otherwise preclude life insurance coverage would not benefit Reliance because, after the passage of two years, it could not rescind the policy.

The related argument that its decision was "so well-supported and one-sided that discovery is not necessary" is difficult to evaluate because Reliance simply attaches the entire 760 pages of the administrative record without citation to specific documents to support this argument.  Nonetheless, without expressing an opinion concerning the ultimate outcome of this case, the court notes that the administrative record contains hundreds of pages of medical records revealing that Mr. Rutherford was treated by numerous doctors for (1) chronic pain, (2) panic attacks, (3) anxiety, (4) digestive disorders, (5) prescription drug addiction, (6) dermatitis and (7) various other medical problems that were never disclosed to Reliance.[5] The only two treatments listed on Mr. Rutherford's application, an appendectomy and knee surgery, were relatively minor in the context of his extensive five-year medical history.  It is improbable that Mr. Rutherford executed the application with a good faith belief that the medical information disclosed was "complete and true."  In the context of these observations,

---

[5]

The medical records and number of doctors are so extensive that the court has not attempted to tabulate with precision the number of doctors who treated Mr. Rutherford during the five year period.

the court addresses the individual discovery requests.

**Interrogatory No. 3 and Production Request Nos. 7**

Interrogatory No. 3 asks whether plaintiff was instructed or informed that she could supplement answers to the application by writing outside the four lines provided or attach additional pages of information.  Production Request No. 7 asks for any documents which instruct applicants to supplement their application by writing in the margins or submitting additional pages of medical information.  The motion to compel answers to these discovery requests shall be **DENIED** because plaintiff has not carried her burden of showing the necessity of these particular discovery requests.

Specifically, plaintiff contends that she was not told she could expand her answers on the form.  Presumably, the administrative record is consistent with that contention and nothing is gained by compelling Reliance to answer an interrogatory or production request confirming that no such instructions were given.[6]  In the absence of evidence in the administrative record advising plaintiff to the contrary, plaintiff is free to argue the lack of such instructions when the merits of the case are considered.

**Interrogatory No. 4**

Interrogatory No. 4 asks Reliance to explain its contention that it was under no

---

[6]

In essence, Interrogatory No. 3 and Production Request No. 7 appear to be designed to establish matters which can be readily determined from the administrative record.

obligation to request medical information concerning Mr. Rutherford's medical history prior to his death.  The court is not persuaded that this request is relevant to any dual role conflict by Reliance and is **DENIED.**

**Interrogatory No. 5**

Interrogatory No. 5 asks Reliance to explain why the insurer "would have denied coverage to [Mr. Rutherford] had his entire medical history been disclosed."  This request is **DENIED** because the information is contained in the administrative record, specifically, the June 24, 2010 letter denying coverage.

Interrogatory No. 5 contains five subparts asking "under what circumstances an applicant may be denied coverage in the case of past treatment" for (1) drug abuse, (2) ulcerative esophagitis, (3) macroscopic colitis, (4) anxiety, or (5) other conditions.  Plaintiff also requests a list of the documents relied upon for the answers.

The June 24 letter refers to opinions from Reliance's Underwriting Department; other administrative records also refer to specific underwriting policies and guidelines.  However, the administrative record (Doc.38, parts 1-10)  does not appear to contain the underwriting policies and guidelines relied on or referenced by Reliance.  Any policies or guidelines on which Reliance relied to make its decision must be included in the administrative record and disclosed to plaintiff.  Accordingly, the motion to compel responses to the subparts to Interrogatory No. 5 are **GRANTED IN PART** and Reliance shall produce any underwriting policies on which it relied in its denial of plaintiff's claim.

**Interrogatory No. 8 and Production Request No. 14**

Interrogatory No. 8 asks Reliance for detailed information concerning the drafting of the insurance application form and Production Request No. 14 seeks all documents concerning the drafting of the insurance application form, including alternate drafts. The court is not persuaded that this discovery is warranted given the needs of the case. The requested information has only marginal relevance to Reliance's dual role conflict. Moreover, as discussed above, plaintiff's argument that Reliance would intentionally create an application form in which applicants would omit critical medical information is not persuasive. Accordingly, the motion to compel Interrogatory No. 8 and Production Request No. 14 is **DENIED**.

**Interrogatory No. 9**

Interrogatory No. 9 seeks extensive statistical data concerning life insurance applications, claims, and denials between 2006 and 2010. The motion to compel is **DENIED** because the interrogatory is an example of an "unwieldy, burdensome, and speculative fishing expedition" mentioned in Murphy.

**Production Request No. 15**

Production Request No. 15 seeks all documents, records or correspondence from any regulatory body concerning the form of the application. The court is not persuaded that this request seeks meaningful discovery concerning Reliance's dual conflict role. Moreover, the request appears to be a "speculative fishing expedition." Accordingly, the motion to compel

Production Request No. 15 is **DENIED.**

**Production Request No. 16**

Production Request No. 16 is a catchall request for any documents listed in response to any production request.  The motion to compel is **DENIED** with the exception of the documents mentioned in the ruling concerning Interrogatory No. 5.

**Requests for Admission Nos. 1-4**

Requests for Admission Nos. 1-4 ask Reliance to admit or deny that it has provided life insurance in the past to applicants with medical histories of prior treatment for (1) drug abuse, (2) ulcerative esophagitis, (3) macroscopic colitis, or (4) anxiety.  The motion to compel shall be denied because the requests are vague and overly broad concerning the terms "in the past" and "prior medical treatment for [medical condition]".  Moreover, the Requests for Admission are so general that they provide no assistance in narrowing the discovery issues or issues concerning the merits of the case.  Therefore, the motion to compel Requests for Admission Nos. 1-4 is **DENIED.**

**Production Request No. 17**

Production Request No. 17 is a similar catchall request for any documents related to Reliance's response to Requests for Admission Nos. 1-4.  The motion to compel this production request is **MOOT** because the motion to compel the related Requests for

Admission is denied.


**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (**Doc. 36**) is **GRANTED IN PART and DENIED IN PART**, consistent with the rulings expressed herein. Defendant shall produce the underwriting policies and related documents by **October 4, 2011.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of September 2011.


S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge